IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

The Center for Powell Crossing, LLC,

                  Case No: 2:14-cv-2207

        Plaintiff,

    v.                      Judge Graham

The City of Powell, Ohio,            Magistrate Judge Kemp

        Defendant.

<u>Opinion and Order</u>

This matter is before the court on a motion to intervene for the purpose of appealing the court's March 25, 2016 opinion and order. The motion is submitted by Petitioners Brian Ebersole and Thomas Happensack, to whom the court granted leave to file an *amicus curiae* brief in opposition to plaintiff The Center for Powell Crossing, LLC's motion for permanent injunctive relief.

For the reasons stated below, the motion to intervene is denied.

## I. Background

In its March 25, 2016 opinion and order, the court invalidated a 2014 voter-approved amendment to the Charter of the City of Powell, Ohio and granted permanent injunctive relief to plaintiff Powell Crossing. Petitioners are Powell citizens who voted in the 2014 election and who organized the initiative petition that put the Charter Amendment on the ballot. The Charter Amendment contained language preventing Powell Crossing from developing its land in the manner approved by Powell City Council. Petitioners argue that they are entitled to intervene as of right under Rule 24(a) of the Federal Rules of Civil Procedure and that they should be allowed to permissively intervene under Rule 24(b).

The motion is opposed by Powell Crossing and by defendant the City of Powell. The City has stated that it does not intend to appeal the court's ruling on the merits but that it will defend the City's interests on remaining issues involving damages and attorney's fees.

## II. Intervention as of Right

Rule 24 provides that on timely motion, the court must permit anyone to intervene who:

claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair

1

or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2).

The Sixth Circuit "has interpreted the language of the Rule to require an applicant to show that: 1) the application was timely filed; 2) the applicant possesses a substantial legal interest in the case; 3) the applicant's ability to protect its interest will be impaired without intervention; and 4) the existing parties will not adequately represent the applicant's interest."  Blount-Hill v. Zelman, 636 F.3d 278, 283 (6th Cir. 2011) (citing Grutter v. Bollinger, 188 F.3d 394, 397–98 (6th Cir. 1999)).

### A.    The Purpose for which Petitioners Seek to Intervene

Petitioners offer two purposes for intervening: to appeal the court's order granting injunctive relief and to contest any damages and attorney's fees that Powell Crossing may seek to recover.

As to the later purpose, the court finds that Petitioners, who have no direct financial interest at stake in the litigation, are not entitled to intervene as of right because the City will adequately represent the interests of its citizens in protecting taxpayer money.  The City has stated its intention to vigorously defend against any damages or fee award that Powell Crossing seeks, and the court has no basis for doubting the City's willingness and ability to do so.  Even the petitioners concede in their reply brief that "the City is already contesting damages" and that Petitioners would merely "piggyback" in that regard.  Doc. 42 at 2 n.1.

It is plain from Petitioners' briefs that their motivation for moving to intervene is to appeal the court's decision on the merits of plaintiff's claims.  The parties correctly observe that establishing Article III standing is an additional requirement of a non-party who seeks to intervene for the purpose of appealing a decision from which the parties have not appealed.  "The Supreme Court has held that for an intervenor to continue litigation by pursuing an appeal when the party on whose side it has intervened has not appealed, the intervenor must have standing in its own right." Providence Baptist Church v. Hillandale Comm., Ltd., 425 F.3d 309, 317-18 (6th Cir. 2005) (citing Diamond v. Charles, 476 U.S. 54, 65 (1986)); see also Cherry Hill Vineyards, LLC v. Lilly, 553 F.3d 423, 428 (6th Cir. 2008) ("[A]n intervenor seeking to appeal, like any other party, must fulfill the requirements of Article III of the Constitution before it can continue to pursue an action in the absence of the party on whose side intervention was permitted.").

### B.    Standing to Appeal

"[A] party seeking to establish Article III standing must show: 1) an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or

imminent, not conjectural or hypothetical, 2) a causal connection between the injury and the conduct complained of, and 3) a likelihood of redressability by a favorable judgment." Providence, 425 F.3d at 318 (internal quotation marks deleted).

Petitioners attempt to demonstrate standing for only Brian Ebersole, who claims that he is a member of the Comprehensive Plan Commission. The Commission would have been created under the Charter Amendment and responsible for developing a new comprehensive plan for zoning and development in Powell. The Commission would have had five members, each a president of a certain Powell-area homeowners association, including the Bartholomew Run Homeowners Association. The Charter Amendment allowed for the presidents to appoint a designee to serve in their stead on the Commission. Ebersole resides in the Bartholomew Run neighborhood. On April 24, 2016, the president of the Bartholomew Run Homeowners Association, Michael Beirne, purported to designate Ebersole to serve in his place on the Commission. See Beirne Aff. at ¶ 7. Ebersole argues that he has suffered an injury because the court's invalidation of the Charter Amendment means that he will not be serving on the Commission.

Petitioner's attempt to manufacture Article III standing is not well-taken. Beirne did not identify Ebersole as his designee in the normal course of the Commission being constituted or organized, for which the Charter Amendment set a deadline of February 1, 2015. Rather, the designation occurred 29 days after the court's decision invalidating the Charter Amendment, 12 days after Petitioners moved to intervene, and only in response to the City having identified the standing defect in its brief in opposition to the motion to intervene.[1] Petitioner's supposed injury was self-inflicted and outside the causal chain and thus does not satisfy the standard for Article III standing. See Clapper v. Amnesty Int'l USA, 133 S. Ct. 1138, 1151 (2013) ("[R]espondents cannot manufacture standing merely by inflicting harm on themselves . . . .").

Petitioner next argues that he has suffered an injury as a Powell property owner. Ebersole resides 2750 feet (or slightly more than one-half mile) away from where Powell Crossing will develop its mixed-use project. See Ebersole Aff. at ¶ 7. Petitioner contends that he will be injured by the increased traffic, air pollution, noise, crime and blight that will accompany the Powell Crossing project.

The court finds that Petitioner has not demonstrated a concrete and actual injury based on his property ownership. Although the record contains evidence, which was reviewed in the court's

---

[1] The court hereby grants the City's motion for leave to file a surreply (doc. 48) to address arguments and factual assertions raised by Petitioner Ebersole for the first time in his reply brief.

March 25, 2016 order, supporting an inference that plaintiff's project will lead to increased traffic on Olentangy Street at the points of access to the Powell Crossing development, Petitioner has not provided any support for his conclusory assertions about the injuries the project will cause to him. His alleged injuries are conjectural.  See  Lujan v. Defenders of Wildlife, 504 U.S. 555, 566 (1992) (holding that the issue of "[s]tanding is not an ingenious academic exercise in the conceivable" but requires "a factual showing of perceptible harm") (internal quotation marks omitted).

Accordingly, the court concludes that Petitioners may not intervene for purposes of filing an appeal because they lack standing.

### C.     Substantial Legal Interest

Even if standing were not a barrier to Petitioners' motion to intervene, the court would deny the motion because Petitioners lack a "direct and substantial interest in the litigation." Reliastar Life Ins. Co. v. MKP Investments, 565 Fed. App'x 369, 372 (6th Cir. 2014).  Petitioners' interests as Powell residents, taxpayers and voters in seeing that the City enforce the Charter Amendment are "so generalized [that they] will not support a claim for intervention of right.'" Coal. to Defend Affirmative Action v. Granholm, 501 F.3d 775, 782 (6th Cir. 2007) (internal quotation marks omitted) (holding that "a general ideological interest in seeing that Michigan enforces" a voter-approved ballot measure was one shared by many Michigan citizens and was insufficient to require intervention as of right); see also Providence, 425 F.3d at 317 ("[C]oncerns for state autonomy . . . deny private individuals the right to compel a state to enforce its laws.") (internal quotation marks omitted); N. Shore-Chicago Rehab. Inc. v. Vill. of Skokie, No. 93 C 1198, 1993 WL 356928, at *3 (N.D. Ill. Sept. 13, 1993) ("Certainly, the residents' general interest in the enforcement of the laws is insufficient for intervention as of right."); cf. Diamond, 476 U.S. at 65 (rejecting individual's attempt to intervene in a lawsuit challenging the constitutionality of a state abortion regulation, where the state acquiesced in the court's ruling of unconstitutionality).  Against the weight of this case law, Petitioners have not cited any authority requiring intervention on the basis of such general interests.

Petitioners further argue that they have a substantial legal interest as organizers of the initiative petition that proposed the Charter Amendment.  However, the Sixth Circuit has held that the interest of an organizer of a ballot measure is limited to placing the measure on the ballot: "Any substantial legal interest held by 'the duly authorized committee for a referendum which circulated the referendum petitions' was terminated when the referendum was held and the results certified." Providence, 425 F.3d at 317; see also Gateway Fireworks, LLC v. Whiteford Twp., No. 07-CV-14961-DT, 2008 WL 1902205, at *4 (E.D. Mich. Apr. 30, 2008) ("Ms. Soss stands in the same

4

position as the Committee stood in Providence Baptist Church.  She has no substantial legal interest . . . to enforce the results of the referendum which she caused to be held. . . . Ms. Soss' legally protected interests ended when the election took place . . . .").

Accordingly, the court finds that Petitioners are not entitled to intervene as of right under Rule 24(a).

## III.  Permissive Intervention

Under Rule 24(b), "the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact."  The court must also "balance undue delay and prejudice to the original parties, if any, and any other relevant factors to determine whether, in the court's discretion, intervention should be allowed."  United States v. Michigan, 424 F.3d 438, 445 (6th Cir. 2005).

Assuming, without holding, that the motion to intervene is timely and presents at least one common question of law or fact, the court finds that allowing intervention would unduly delay and prejudice the parties.[2]  In the court's view, this matter is suitable for a prompt resolution of issues regarding damages and attorney's fees.  Powell Crossing has waited nearly two years to develop its land since receiving final approval from the City to do so.  It plainly would be prejudicial to Powell Crossing to further delay this matter.  And the City has expressed its concern that any further delay may only increase the damages and fees that plaintiff seeks.  The City's judgment that the interests of its residents are best served by not protracting the litigation is entitled to respect.  The court concludes that granting intervention in order for Petitioners to file an appeal would "inhibit, not promote, a prompt resolution" of the action.  Granholm, 501 F.3d at 784 (internal quotation marks omitted).

Accordingly, the court finds that Petitioners should not be allowed to permissively intervene under Rule 24(b).

## IV.  Conclusion

For the reasons stated above, Petitioners' motion to intervene (doc. 37) is denied.

s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: June 20, 2016

---

[2]  Petitioners' lack of standing also precludes permissive intervention.